IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Reginald Eric Sprowl, ) Civil Action No.: 8:08-cv-03316-RBH
)
    Plaintiff, )
)
v. ) **ORDER**
)
Pfizer, Inc., )
)
    Defendant. )
_____)

This matter is now before the court with the [Docket Entry 87] Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks[1] filed on January 28, 2010.[2] In her Report, the Magistrate Judge reviewed Defendant's [Docket Entry 60] Motion for Summary Judgment and recommended that the motion should be granted in part and denied in part. Plaintiff and Defendant both timely filed objections to the Magistrate Judge's Report.

## **Procedural History and Facts**

Plaintiff brings this suit alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981; breach of contract; breach of contract with fraudulent intent; negligent supervision; and intentional infliction of emotional distress.[3] Defendant has subsequently asserted a counterclaim against Plaintiff for breach of a

---

[1] This matter was referred to Magistrate Judge Hendricks pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(g), D.S.C.

[2] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." In this case, the court finds that the issues have been adequately briefed by both parties and that a hearing is not necessary.

[3] In her Report, the Magistrate Judge found that Plaintiff had abandoned his claims for intentional infliction of emotional distress and negligent supervision. Plaintiff did not object to this recommendation. Therefore, finding no clear error, the court adopts the finding that Plaintiff has abandoned both of those claims. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

settlement agreement.

Defendant filed its Motion for Summary Judgment on August 24, 2009. In that motion, Defendant sought summary judgment as to all claims, including Defendant's counterclaim. On October 9, 2009, Plaintiff filed his [Docket Entry 69] Response in Opposition to Defendant's motion, to which Defendant replied on October 21, 2009.

The Magistrate Judge entered her Report and Recommendation in this case on January 28, 2010. Objections to the Report were due by February 16, 2010. Both Plaintiff and Defendant timely filed objections to the Report on February 16, 2010. Additionally, Defendant filed a response to Plaintiff's objections on March 5, 2010. Plaintiff filed a reply to Defendant's response on March 8, 2010. Plaintiff filed a second reply to Defendant's response on March 15, 2010. Finally, Defendant filed its "Reply in Support of its Objections to the Magistrate Judge's Report and Recommendation" on March 18, 2010. [Docket Entry 96] at 1. This is how the case now stands before the court.[4]

The court notes that the facts of this case were completely and accurately set forth in the Magistrate Judge's Report and Recommendation, which this Order adopts and incorporates by reference. Moreover, neither party objected to the Magistrate Judge's recitation of the facts in her Report,[5] and therefore this court need not repeat the facts herein.

---

[4] The court has thoroughly reviewed and considered all post-Report and Recommendation responses filed in this matter. However, the court notes that the majority of the post-Report filings were not authorized by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy.").

[5] As a matter of fact, Plaintiff states the following in his objections: "Plaintiff does not object to the Magistrate's review of the facts or procedural history in this matter." Plf's. Obj. [Docket Entry 88] at 1.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond*, 416 F.3d at 315.

**Discussion**

I.  Race Discrimination

Plaintiff attempted to establish race discrimination through the *McDonnell Douglas*[6] burden-shifting analysis. The Magistrate Judge found that Plaintiff could not establish a *prima facie* case of discrimination based on either his qualifications or Defendant's alleged deviations from normal hiring procedures. Moreover, the Magistrate Judge found that, even if Plaintiff could establish a *prima facie* case of discrimination, Plaintiff could not establish that Defendant's proffered legitimate, non-discriminatory reason for not promoting Plaintiff was

---

[6]   *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

3

merely pretext for discrimination. Plaintiff objected to both of these recommendations.

Plaintiff's first objection is that he properly established a *prima facie* case of discrimination. To prove a *prima facie* case of discriminatory failure to promote, Plaintiff must prove that (1) he is a member of a protected class, (2) he applied for the position in question, (3) he was qualified for that position, and (4) Defendant rejected his application under circumstances that give rise to an inference of unlawful discrimination. *See Bryant v. Aiken Regional Med. Ctrs., Inc.*, 333 F.3d 536, 544-45 (4th Cir. 2003). Plaintiff argues that to satisfy the fourth prong he "need only show that the position was filled by a white applicant, as he has done." Plf's. Obj. [Docket Entry 88] at 3. However, the Magistrate held that it was not enough to satisfy the fourth prong "that the plaintiff is a black male and that the Project Technician position was filled by a white male." Report [Docket Entry 87] at 7. The parties cited conflicting cases on this point. *Compare Holmes v. Bevilacqua*, 794 F.2d 142 (4th Cir. 1986), *with Patterson v. McLean Credit Union*, 491 U.S. 164 (1989). Upon review, the court agrees with Plaintiff that he established a *prima facie* case of discrimination. First, the burden to establish a *prima facie* case of discrimination is not "onerous." *Evans v. Davie Truckers, Inc.*, 769 F.2d 1012, 1015 (4th Cir. 1985). Second, it appears that establishing the position was ultimately filled by a person outside Plaintiff's protected class can be sufficient to satisfy prong four. *See Amirmokri v. Baltimore Gas and Elec. Co.*, 60 F.3d 1126, 130 (4th Cir. 1995) (holding that "the fact that the person selected (Lenker) was not of foreign origin gives rise to an inference of unlawful discrimination"). Accordingly, the court finds that Plaintiff successfully established a *prima facie* case of discrimination.

Plaintiff's second objection is that he established that Defendant's proffered reasons for

not promoting Plaintiff were merely pretext for discrimination. The court disagrees. Plaintiff's two main arguments appear to be that Defendant improperly considered disciplinary actions that fell outside the relevant time period and that Defendant improperly deviated from the requirements of the Hourly Job Posting. As to the disciplinary actions, the Magistrate Judge found that discipline existed in the relevant time period, upon which Defendant reasonably relied, that materially distinguished Plaintiff's record from Walker, who ultimately received the job. Additionally, the Magistrate Judge found that the job selection criteria included "colleague performance," and there is no reason to conclude that such criteria would not include prior disciplinary action. Plaintiff does not specifically or sufficiently address these findings in his objections. Rather, Plaintiff merely reasserts his allegations that Defendant improperly considered disciplinary actions outside the relevant time period. Plaintiff fails to address the recommendation that these other disciplinary actions were properly considered within the "colleague performance" selection criteria, and therefore he cannot overcome the Magistrate Judge's recommendation. As to the Hourly Job Posting, Plaintiff contends that Walker should not have been allowed to bid for the position because he had not been in the same position for twelve months and had previously turned down two other promotional opportunities. However, the Magistrate Judge concluded that "[t]here is simply no evidence to that effect." Report [Docket Entry 87] at 12. The court agrees. There is ample evidence in the record that contradicts Plaintiff's blanket, unsupported assertion. *See* [Docket Entry 60-2] at 126-27 & 129-30; [Docket Entry 60-7] at 43-44. And, at most, the evidence relied upon by Plaintiff establishes merely that Walker had withdrawn his name from previous bids, not that he had turned down promotional opportunities. *See* [Docket Entry 95-5] at 2. Because Plaintiff has not shown

5

Defendant improperly considered prior disciplinary actions or that Defendant deviated from its Hourly Job Posting by allowing Walker to bid on the job, Plaintiff has not established that Defendant's proffered reasons were merely pretext for discrimination.

II.     Breach of Contract and Breach of Contract Accompanied by a Fraudulent Act

The Magistrate Judge also recommended summary judgment as to these contract claims. The Magistrate Judge stated that "absolutely no evidence of breach exists. The plaintiff's allegations of breach are identical to those assertions advanced in regards to his race discrimination claim. . . . These bases have been flatly rejected above." Report [Docket Entry 87] at 13-14. Further, the Magistrate Judge found that because no breach existed, summary judgment was appropriate as to Plaintiff's breach of contract accompanied by a fraudulent act claim.

Plaintiff argues the following in his objections:

[T]he Magistrate report ignores Plaintiff's contract law arguments which are specifically outlined in Plaintiff's original memorandum of law. Accordingly for the same reasons articulated above herein (and utilizing the same evidence presented) and in Plaintiff's previous memorandum of law the Plaintiff contends that he has articulated a valid claim of breach of contract and breach of contract accompanied by a fraudulent act and asks this court to review them *De Novo* accordingly.

Plf's. Obj. [Docket Entry 88] at 12. Upon review, the court overrules Plaintiff's objection and agrees with the Magistrate Judge. In his memorandum, Plaintiff asserts the same grounds for breach of contract as he did for race discrimination–namely that Defendant improperly considered prior disciplinary actions and improperly failed to disqualify Walker in accordance with the Hourly Job Posting policy. However, these arguments cannot support a breach of contract. As discussed above, there is no evidence that Walker was ineligible under the Posting

6

policy and Plaintiff's disciplinary history was properly implicated by the express selection criteria, "colleague performance." Accordingly, the court adopts the Magistrate Judge's recommendation that summary judgment should be granted as to these breach of contract claims.

III.     Counterclaim for Breach of Settlement Agreement

The Magistrate Judge found that summary judgment should be denied as to Defendant's counterclaim. The Magistrate Judge concluded that the provision regarding "truthful disclosures to an appropriate government agency" was ambiguous, and therefore it should be construed against Defendant, the drafter. Defendant filed objections as to this recommendation and argued that there is no ambiguity and that Plaintiff admitted that he breached the contract.

However, Plaintiff contends that he "only disclosed the existence of the contract in its complaint to the Defendant (who was a party to the contract) and the court (a governmental agency) and it was done in a truthful manner." Plf's. Response [Docket Entry 93] at 2. Additionally, Plaintiff further argues that its disclosure in its complaint fit within the exception in the agreement.

The court finds that, based on Plaintiff and Defendant's differing interpretations of the provisions, the agreement is ambiguous, and without additional evidence of the parties intent the court cannot grant summary judgment as to the counterclaim. Summary judgment is accordingly denied as to Defendant's counterclaim.

IV.     Effect of Plaintiff's Bankruptcy

In her Report, the Magistrate Judge found that Plaintiff's bankruptcy plan was approved "sometime prior" to the date he became aware of his claims that form the basis of this suit, and therefore the Magistrate Judge recommended that the court should not dismiss Plaintiff's case

for lack of standing. Report [Docket Entry 87] at 5. Defendant objected to this recommendation. Defendant argues that "it was error [for the Magistrate Judge] to accept Plaintiff's representation that the bankruptcy plan was approved in January 2008. The docket report in the bankruptcy action shows that no bankruptcy plan was approved prior to March 10, 2008. Rather, the bankruptcy plan was not approved until April 22, 2008, after Plaintiff's claims [involved in this case] arose." Def's. Response [Docket Entry 92] at 16. However, in making her recommendation, the Magistrate Judge also found that Defendant had not disputed the timing of the bankruptcy plan's approval. Rather, this court notes that it appears Defendant argues for the first time in its Response to Plaintiff's objections that Plaintiff was aware of his pending claims prior to his bankruptcy plan. Because Defendant failed to make this argument before the Magistrate Judge, and has only done so at this late stage, the court is hesitant to even consider the argument and new evidence.[7] *See Wojcicki v. Aiken Technical College*, No. 08-1469, 2010 WL 76358 (4th Cir. Jan. 11, 2010) (discussing whether district court abused its discretion in deciding whether to accept new evidence following a magistrate judge's report and recommendation). Nevertheless, even considering this new evidence, it is not clear from the record whether Plaintiff knew of his potential claims against Defendant prior to his bankruptcy plan's approval. Because the court is unable to make such a determination based on the record before the court, the court finds that Plaintiff's case cannot be dismissed for lack of standing at this stage.

Defendant also argues in his Response that "the Magistrate Judge failed to address

---

[7] The court's hesitance is enhanced by the fact that, although a litany of post-Report and Recommendation responses have been filed, Plaintiff has not responded to Defendant's new evidence at this late stage.

8

Pfizer's argument that Plaintiff should be judicially estopped from maintaining the present action even if he is not divested of standing by virtue of his failure to disclose these claims in the bankruptcy action." Def's. Response [Docket Entry 92] at 16. Upon review of Defendant's Motion for Summary Judgment and the Magistrate Judge's Report, it does appear that the Magistrate Judge failed to address Defendant's specific arguments pertaining to judicial estoppel. This court has now reviewed Defendant's arguments. First, the court notes that the cases cited by Defendant in its motion do not necessarily establish that the doctrine of judicial estoppel is applicable to the circumstances of this case.[8] And second, Plaintiff argues that, even if the doctrine applies in this case, "the four elements necessary to warrant estoppel are not present and this matter . . . should not be dismissed." Plf's. Memo. [Docket Entry 69] at 17. However, upon review, it appears to the court that Plaintiff may actually be judicially estopped from bringing this suit based on Plaintiff's failure to amend his bankruptcy petition to disclose his potential legal claims. *See Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) ("Judicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset."). But regardless, summary judgment is appropriate on the merits of Plaintiff's claims for the reasons discussed above by the court.

---

[8] Although Defendant cited several cases in his motion, most of the cases have no precedential value in this circuit. The only Fourth Circuit cases cited by Defendant appear to simply set forth the general standard for judicial estoppel, and it is not apparent from those cases that the doctrine of judicial estoppel should be applied to the circumstances involved in this case. Finally, the South Carolina District Court cases cited by Defendant do not appear to support the argument that judicial estoppel is warranted in this case. For example, Defendant cites *Whitten v. Fred's, Inc.*, 2009 WL 364162 (D.S.C. Jan. 13, 2009), but that was a Report and Recommendation that the district judge in that case ultimately rejected on other grounds. *See Whitten v. Fred's, Inc.*, 2009 WL 364077 (D.S.C. Feb. 11, 2009).

**Conclusion**

The court has thoroughly reviewed the Report, objections, memoranda, and applicable law. For the reasons stated above, the court hereby adopts as modified and incorporates by reference the Report and Recommendation of the Magistrate Judge. Defendant's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part. Defendant's motion is **GRANTED** as to Plaintiff's claims for race discrimination, breach of contract, and breach of contract by a fraudulent act. Those claims are hereby **DISMISSED** *with prejudice*. However, Defendant's motion is **DENIED** as to Defendant's counterclaim for breach of settlement agreement.

  **IT IS SO ORDERED.**

                s/R. Bryan Harwell
                R. Bryan Harwell
                United States District Judge

March 30, 2010
Florence, South Carolina